FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 9:10 am, Aug 15, 2008

# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| DELMUS JERONE PHILLIPS | ) | |
| (Chapter 7 Case Number 07-60142) | ) | Number 08-6001 |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| ANNE R. MOORE, TRUSTEE | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY JERONE PHILLIPS | ) | |
| as Trustee of the D.J.P. Trust | ) | |
| dated January 1, 1996 | ) | |
| | ) | |
| *Defendant* | ) | |

## MEMORANDUM AND ORDER
## ON MOTIONS FOR SUMMARY JUDGMENT

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Debtor filed Chapter 7 on March 20, 2007. On January 9, 2008, the Chapter 7 Trustee filed an Adversary Proceeding seeking a declaratory judgment for the turnover of property held in the D.J.P. Trust that was established on January 1, 1996. The trustee of the D.J.P. Trust filed an answer to the complaint on February 12, 2008. The case is now ready for decision on Motions for Summary Judgment filed by both parties.

AO 72A
(Rev. 8/82)

The Chapter 7 Trustee argues that Debtor is the settlor and the sole beneficiary of the D.J.P. Trust, thus a spendthrift provision contained in the trust agreement is invalid under Georgia law. As a result, the Trustee argues the net income and the corpus of the trust can be reached by creditors in an equitable proceeding, rendering the corpus property part of the estate, which can then be administered by the Chapter 7 Trustee to pay Debtor's creditors in bankruptcy. The D.J.P. Trust trustee argues that although Debtor has an interest in the trust income, he does not have an interest in the corpus of the trust. Since Debtor has no interest in the corpus of the trust, there is no potential distribution of the corpus for the spendthrift clause to protect. In addition, the Trust trustee argues that Debtor is not the sole beneficiary of the trust, a fact that means the trust corpus may not be used to satisfy creditor's claims, including the bankruptcy trustee's claims. For the following reasons, the Chapter 7 Trustee's Motion for Summary Judgment is **GRANTED** and the D.J.P. Trust Trustee's Motion for Summary Judgment is **DENIED**.

Delmus Jerone Phillips, the debtor, created the D.J.P. Trust "for his benefit and the benefit of his family" on January 1, 1996. The trust names Gregory Jerone Phillips as trustee. Under the trust agreement, Debtor is entitled to receive annual or more frequent periodic installments of all the net income emanating from the trust for his life. <u>Complaint</u>, Dckt. No. 1, Exhibit, pg. 2-3 (January 9, 2008). The trustee of the trust is prohibited from assigning or otherwise alienating the corpus of the trust by virtue of a "spendthrift provision" contained in the D.J.P. Trust agreement:

> The interest of any beneficiary in any trust created hereunder shall not be transferred, assigned, or conveyed and shall not be subject to the claims of any creditors or such beneficiary, and the Trustee shall continue distributing trust property directly to or for the benefit of such beneficiary as provided for hereunder notwithstanding any transfer, assignment or conveyance, and notwithstanding any action by creditors.
>
> If however the Trustee is prevented by any transfer, assignment, or conveyance or by any proceeding brought by any creditor, or by any bankruptcy, receivership, or other proceeding, from distributing property directly to or for the benefit of any beneficiary, then and thereafter the Trustee shall hold and accumulate the property which would otherwise have been distributed until the Trustee is able to distribute such property directly to or for the benefit of such beneficiary, or until the death of such beneficiary, whichever first occurs; and, on the death of such beneficiary any such property so held and accumulated shall become a part of the principal of the trust and shall be disposed of as provided for the principal.

Id., pg. 4-5.

Upon the death of Debtor, the D.J.P. Trust agreement states that the corpus of the trust "shall be distributed as follows:"

> (a) The property remaining in the Trust shall be paid over and distributed to such person(s) and in such manner as the Grantor may by his Last Will and Testament direct or appoint, making specific reference to this power.
>
> (b) Should the Grantor fail to exercise his power of appointment as to all the property of this Trust, the property as to which he fails to exercise his power shall be held and distributed as follows:

> (1) If Grantor is survived by his wife to whom he was married at his death, then for the period of time beginning with the death of the Grantor and ending with the death of the Grantor's wife, the Trustee shall pay all of the income thereof to Grantor's wife at least annually. The Trustee shall also expend so much of the principal hereof as the Trustee shall deem necessary to provide for the support, maintenance and medical needs of the Grantor's wife taking into consideration any other sources of support available to her and known to the Trustee.
>
> (2) Upon the death of the Grantor's wife (or upon the Grantor's death, if the Grantor's wife shall predecease him or if their marriage was dissolved prior to Grantor's death) all of the remaining property of this trust shall be distributed in fee simple to the then living children of the Grantor and the living descendants of any deceased child of the Grantor, per stirpes.

Id., at pg. 4.

On March 20, 2007, Debtor filed Chapter 7. Plaintiff Anne R. Moore was appointed as the Chapter 7 trustee. On January 9, 2008, Plaintiff filed a complaint to obtain a declaratory judgment for the turnover of the interest and corpus of the D.J.P. Trust. The Plaintiff argues that Debtor is the settlor and the sole beneficiary of the trust, a combination that would invalidate the spendthrift provision of the D.J.P. Trust under Georgia law. If the spendthrift provision is invalid, Plaintiff argues that the income and corpus of the D.J.P. Trust become property of the bankruptcy estate. Complaint, Dckt.No. 1, pgs. 1-4. On May 9, 2008, Plaintiff filed a Motion for Summary Judgment stating there is "no genuine issue as to any material fact . . ." Plaintiff asserts that she is entitled to a judgment as a matter of

law because Debtor, who is the settlor of the D.J.P. Trust, is the sole beneficiary of the trust because he "retained an unrestricted power to appoint the corpus of the trust in his Last Will and Testament, and prohibited involuntary transfers to his creditors . . . " Motion for Summary Judgment, Dckt.No. 20, pgs. 1 & 4-5.

On May 28, 2008, Defendant Gregory Phillips, as the trustee of the D.J.P. Trust, filed a cross-Motion for Summary Judgment. On June 11, 2008, he filed an amended brief in support of the motion. Relying on Avera v. Avera, 253 Ga. 16, 315 S.E.2d 883 (Ga. 1984) and McGinn v. McGinn, 273 Ga. 292, 540 S.E.2d 604 (Ga. 2001), Defendant argues that Debtor is not the sole beneficiary of the D.J.P. Trust because "the trust specifically provided for disposition of the trust corpus after his death under his will or if no provision was in his will, to his spouse and children." Therefore, Defendant concludes that the trust agreement provides for specific beneficiaries of the trust other than himself in the event he does not exercise his power of appointment. Motion for Summary Judgment, Dckt.No. 24, pg. 7.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed. 265 (1986). Rule 56 of the Federal Rules of Civil Procedure applies to

motions for summary judgment in bankruptcy adversary proceedings. *See* Fed.R.Bankr.Proc. 7056. The party moving for summary judgment has the burden of demonstrating that no dispute exists as to any material fact. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 156, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once this burden is met, the nonmoving party must present specific facts that demonstrate that there is a genuine dispute over material facts. Finally, a court reviewing a motion for summary judgment must examine the evidence in light most favorable to the non-moving party, and all reasonable doubts and inferences should be resolved in the favor of the non-moving party. <u>In re Davis</u>, 374 B.R. 362, 364 (Bankr.S.D.Ga. 2006)(Davis, J.).

## DISCUSSION

There is no dispute as to any material fact. The D.J.P. Trust agreement was attached to the initial complaint, and Defendant admits that the attached agreement is in fact the entire trust agreement. <u>Response</u>, Dckt.No. 18 (May 8, 2008). The only dispute is whether as a matter of law the spendthrift provision of the D.J.P. Trust agreement is valid, a fact which could prevent the Chapter 7 Trustee from obtaining the corpus of the trust for the benefit of creditors.

An estate in bankruptcy consists of all interests in property possessed by the debtor at the time of the bankruptcy filing. 11 U.S.C. §541(a)(1). However, where there is a restriction on the transfer of a debtor's interests under applicable non-bankruptcy law, such a restriction remains effective even in bankruptcy. 11 U.S.C. § 541(c)(2). As a result,

spendthrift and support trusts are excluded from a debtor's bankruptcy estate to the extent they are protected from creditors under applicable state law.[1] The state law applicable in this case is the law of the State of Georgia.

The Official Code of Georgia states that "[e]xcept as otherwise provided in this subsection, a spendthrift provision prohibiting involuntary transfers is valid and enforceable. *A spendthrift provision prohibiting involuntary transfers is not valid if the beneficiary is the settlor.*" O.C.G.A. § 53-12-28(c)(emphasis added). The purpose of invalidating spendthrift provisions where the settlor of a trust is also the sole beneficiary is "the idea that no settlor, disabled or otherwise, should be permitted to put his own assets in a trust, for which he is the sole beneficiary, and shield those assets with a spendthrift clause, because to do so is 'merely shift[ing] the settlor's assets from one pocket to another, [in an attempt to avoid creditors.]" Speed v. Speed, 263 Ga. 166, 167, 430 S.E.2d 348, 349 (1993)(citation omitted).

Plaintiff argues that the spendthrift provision of the D.J.P. Trust prohibiting involuntary transfers of trust property in bankruptcy is not enforceable because Debtor is both the settlor and the sole beneficiary. I agree.

---

[1] *See* Lichstrahl v. Bankers Trust (In re Lichstrahl), 750 F.2d 1488, 1490 (11th Cir. 1985)(stating the term "applicable nonbankruptcy law" in 11 U.S.C. § 541(c)(2) refers to state spendthrift law), *abrogated on other grounds by* Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

The D.J.P. Trust agreement does not provide that the corpus of the trust will be paid to a designated third party upon Debtor's death. Instead, the trust agreement provides that the corpus shall go to whomever Debtor designates in his Last Will and Testament and states that the spouse and the children only obtain a vested interest in the corpus if Debtor's Last Will and Testament does not make such a designation. Therefore, Debtor is in complete control over who obtains the corpus of the trust. "Where a settlor reserves in himself an estate for life and a general power of appointment over the remainder, *with or without a gift in default of appointment*, he has retained all the substantial incidents of ownership and it would be contrary to sound public policy to allow him by this formal change to prevent creditors from reaching the property." Restatement (First) of Prop. § 328, cmt. a (1940).

Since Debtor has this general power of appointment over the corpus of the trust upon his death, there is no third party other than Debtor who is guaranteed to receive the corpus of the trust upon Debtor's death. As a result, Debtor is deemed the sole beneficiary of the D.J.P. Trust, and since he is also the settlor of the trust, the spendthrift provision is invalid. *See* Speed v. Speed, 263 Ga. 166, 167, 430 S.E.2d 348 (Ga. 1993)(found that the settlor was the undisputed sole beneficiary when the remainder provision in the trust was to "be administered in accordance with the [settlor's] will."); Restatement (Third) of Trusts § 58, cmt. e (2003)("If the settlor reserves not only a right to receive the income of a trust for life but also a general power to appoint the remainder by will, neither the life interest nor the remainder subject to the right to appoint can be protected from the creditors of the settlor by a spendthrift restraint."); Restatement (Second) of Trusts § 156, cmt. c (2003)("If

the settlor reserves for his own benefit not only a life interest but also a general power to appoint the remainder by deed or will or by deed alone or by will alone, his creditors can reach the principal of the trust as well as the income."); Restatement (First) of Property § 328, illus. 1; *cf.* Cooper v. Trust Co. Bank, 257 Ga. 272, 273, 357 S.E.2d 582, 582-83 (Ga. 1987)(held the spendthrift clause is valid because trust agreement specifically named his "descendants" as beneficiaries, and the last will and testament would only determine the proportions to be paid to these vested beneficiaries.).

Debtor is not restricted by the trust agreement from naming himself, his estate, or his own creditors in his Last Will and Testament as beneficiary of the D.J.P. Trust. Without this restriction and without a vested beneficiary established by the trust, Debtor has the unfettered discretion to make himself the sole beneficiary of the corpus of the trust. This fact distinguishes the present case from Avera v. Avera, 253 Ga. 16, 315 S.E.2d 883 (Ga. 1984), a case which Debtor relied heavily upon. In Avera, the spendthrift provision was upheld because the power of appointment was limited. The settlor could "exercise this power only by naming a beneficiary other than himself, his estate, or his creditor." Id. at 16; *see* Jordan v. Caswell, 264 Ga. 638, 640, 450 S.E.2d 818, 820 (Ga. 1994).

The facts here are different. Debtor has a general, not a limited, power of appointment. He can exercise that power in favor of any beneficiary, thus under the rationale of Speed, he is the sole beneficiary. The fact that contingent beneficiaries are "named" in the event he does not exercise the power does not change the result. Debtor can eliminate their

residual interest at any time and in favor of any beneficiary. He thus has retained full control of the corpus, and that control runs afoul of O.C.G.A. § 53-12-28.[2] As a result, I hold that the corpus of the D.J.P. Trust is property of Debtor's Chapter 7 estate and may be administered by the Chapter 7 Trustee.

The D.J.P. Trust trustee made an alternative argument that the spendthrift provision's enforceability is irrelevant because, since Debtor has no life interest in the corpus of the trust, there is no potential distribution from the corpus to Debtor for the spendthrift clause to protect. I disagree with the trustee. The Debtor does have an interest in the corpus because he may terminate the trust at any time despite the fact that the trust instrument itself states that the trust is irrevocable because Debtor is the settlor and sole beneficiary of the D.J.P. Trust. *See* Woodruff v. Trust Co. of Ga., 233 Ga. 135, 138-39, 21 S.E.2d. 321, 323-24 (Ga. 1974).

---

[2] Debtor's reliance on McGinn v. McGinn, 273 Ga. 292, 540 S.E.2d 604 (Ga. 2001) is also unhelpful. Citing McGinn, Debtor argues that Avera would have had the same outcome even if the settlor in Avera had retained a general power of appointment over the trust corpus. In McGinn, a husband filed for divorce against his wife seeking equitable division of the property. Husband was a "beneficiary and co-trustee of a trust, the sole asset of which is stock in a Company owned by members of his family." The wife served a subpoena on the company to obtain documents on the formation of the trust, the value and financial records of the company, and the compensation and benefits that the husband had received from the company. The company and husband tried to protect that information, an action which caused the wife to seek to compel discovery. Id. at 292.
    The wife contended that "because Husband controls the trust in his capacities both as co-trustee and the holder of a general power of appointment, she is entitled to discover and present to a jury all information regarding the stock and income derived therefrom." Without quoting any specific language in the trust agreement, the court in McGinn found that, like Avera, the husband was "not the sole beneficiary of the trust and, thus, there is no merger of the legal and beneficial interests" and also that the husband was not the sole trustee of the trust. Thus, the court held "the corpus of the trust is not subject to Wife's claims for alimony, child support, and distribution of property." Id. The court then discussed the issue of whether evidence of the formation of the trust was otherwise discoverable in their divorce action, which the court ultimately held it was. McGinn is not persuasive because this case is not factually similar. Without quoting the trust agreement language, the court held that the husband was <u>not</u> the <u>sole</u> <u>beneficiary</u>.

ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that the Chapter 7 Trustee's Motion for Summary Judgment is **GRANTED** and the D.J.P. Trust Trustee's Motion for Summary Judgment is **DENIED**. The assets of the D.J.P. Trust are property of Debtor's Chapter 7 estate and may be administered by the Chapter 7 Trustee.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 14th day of August, 2008.